**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JERRA MCCREA LYLES, | Civil No. 09-3764 (NLH) |
| Petitioner, | |
| v. | **O P I N I O N** |
| J. GRONDOLSKY, etc., et al., | |
| Respondents. | |

**APPEARANCES:**

>    JERRA MCCREA LYLES, 36144-118
>    FCI Fort Dix
>    P.O. Box 7000
>    Fort Dix, New Jersey  08640

**HILLMAN**, District Judge

Petitioner Jerra McCrea Lyles, a prisoner incarcerated at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his detention in the custody of the Bureau of Prisons ("BOP").  For the reasons set forth below, the Court will summarily dismiss the Petition.  See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

### I.  BACKGROUND

This Court takes judicial notice of the docket and prior federal judicial opinions regarding Petitioner.  See McTernan v. City of York, ___ F. 3d ___, 2009 WL 2581430 at *3 (3d Cir. Aug. 24, 2009).  On November 7, 1993, Petitioner was mandatorily released from custody of the BOP on an aggregate 30-year federal

prison term imposed on his 1976 conviction in the United States District Court for the District of Maryland on a multi-count indictment, which included various drug-related offenses and a continuing criminal enterprise.  See Lyles v. Samuels, C.A. No. 07-1609 slip op. at p. 2 (3d Cir. Dec. 7, 2007).  After his release from prison and discharge on parole, on March 3, 1998, Petitioner began service of a 40-year special parole term, imposed pursuant to 21 U.S.C. § 841(c) (repealed).  See United States v. Lyles, Crim. No. 76-0083 judgment (D. Md. July 23, 1976).  Id.

In August 2000, based on Petitioner's guilty plea to a new federal crime (unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b)), the United States District Court for the Southern District of California sentenced Petitioner to a 30-month term of imprisonment.  On August 19, 2002, the United States Parole Commission revoked Petitioner's Special Parole, determined that none of the time spent on Special Parole would be credited, and set a presumptive parole date after service of 130 months of January 8, 2011.  Petitioner appealed, and on October 17, 2002, the National Appeals Board affirmed the decision.[1]

---

[1] By order and opinion filed April 12, 2001, United States District Judge J. Frederick Motz rejected Petitioner's claim on the merits (presented in a motion to reconsider the January 31, 2001, order dismissing Petitioner's § 2255 motion as successive) that he is serving an illegal sentence because his sentence of
(continued...)

2

In 2002, Petitioner, who has been incarcerated at FCI Fort Dix for the past several years, began his quest to obtain a writ of habeas corpus from this Court on the grounds that he has served his sentence and his detention is not statutorily authorized.  On March 18, 2002, Petitioner filed his first § 2241 petition.  See Lyles v. Baily, Civ. No. 02-1203 (SMO) (D.N.J. filed March 18, 2002).  On June 11, 2002, Petitioner filed an amended petition and an application for an emergency hearing for a writ.  After denying Petitioner's emergency application and ordering an answer, on August 21, 2002, Judge Stephen M. Orlofsky granted Petitioner's motion to dismiss the petition without prejudice.  On October 20, 2004, Petitioner filed another motion for emergency hearing for a § 2241 writ.[2]  See Lyles v. Nash, Civ. No. 04-5146 (RBK).  After obtaining an answer and Petitioner's reply, on June 3, 2005, Judge Robert B. Kugler denied relief on the merits.

---

[1](...continued)
imprisonment has been served in its totality.  See Lyles v. United States, Civ. No. 01-0224 mem. op. (D. Md. Apr. 12, 2001).

[2] Petitioner's submissions state that he "is challenging the determination of the Parole Commission and Bureau of Prisons application of a New invalid, and illegal 40 year Term of Imprisonment.  The miscalculation, misinterpretation, and misapplication of the relevant statute by the 'U.S. parole Commission' and the 'Federal Bureau of Prisons' was compounded one upon the other until the ultimate effect has become a gross miscarriage of the law and a injustice."  Lyles .v. Nash, mem. of law (D.N.J. Oct. 20, 2004) (Docket entry #1-2 at p. 2.)

On May 8, 2006, Petitioner filed his third § 2241 petition, again arguing that "the Bureau of Prisons is detaining petitioner where there is no statutory authority [and] the U.S. parole Commission has revoked a Special Parole term and administered a new sentence of forty (40) years term of imprisonment in violation of 21 U.S.C. § 841(b)(1)(A) and (c)." Lyles v. Samuels, Civ. No. 06-2094 (RBK) petition at p. 3 (D.N.J. May 8, 2006) (Docket entry #1 at 3.)  After ordering an answer and reply, in an opinion and order entered February 2, 2007, Judge Kugler denied the petition on the merits.  Petitioner appealed, and in an opinion filed December 7, 2007, the United States Court of Appeals for the Third Circuit affirmed:

> Lyles's current imprisonment based on the revocation of his 40-year special parole term is an imprisonment contemplated by 21 U.S.C. § 841(c) (repealed), in addition to his statutory 15-year term under § 841(b)(1)(A), and does not violate due process or exceed any statutory maximum sentence . . . .
>
> Further, Lyles's contention that his special parole term "would [have] to be commenced" before his federal 15-year term expired is without merit.  The United States parole Commission appropriately aggregated Lyles's multiple sentences into a single 30-year sentence, and ordered that Lyles's special parole term would begin to run after he was discharged from mandatory release supervision following his release from the aggregate 30-year prison term . . . .

Lyles v. Samuels, C.A. No. 07-1609 sl. op. at pp. 2-3 (3d Cir. Dec. 7, 2007).

On July 28, 2009, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner describes the Petition as "an action to challenge Respondents' unlawful detention and incarceration based upon Respondent's erroneous determination that the Respondent has been sentenced to a 'new' 40 year period of incarceration following the August 25, 2002 revocation of Petitioner's 40 year special parole term.  Prior to the decision to revoke the Petitioner's special parole, Petitioner had served the criminal sentences for which special parole had been imposed, in full, day for day, without any application of early release, probation or parole."  (Pet. at p. 1; docket entry #1 at 1.)  Petitioner contends that the BOP has "subjected Petitioner to illegal and unauthorized detention beyond the date that any detention authorized by law, statute or regulation justifiably permits."  (Id. at 10.)  He seeks a writ "(a) mandating the Respondents provide the Petitioner with adequate and accurate information regarding the authorized length of his ongoing detention; or in the alternative, (b) that this court determine the authorized length of Petitioner's ongoing detention."  (Pet. at 11; Docket entry #1 at 11.)   The BOP's online Inmate Locator indicates that Petitioner's projected release date is January 8, 2011.  See Bureau of Prisons Inmate Locator, www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=36144-118&x=84&y=15 (last accessed Sept. 3, 2009).

## II.   DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
>       . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

Section 2244(b)(a) of Title 28 of the United States Code provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  28 U.S.C. § 2244(a).  The Third Circuit has held that, since § 2244(a) by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, that section bars successive § 2241 petitions directed to the same issues in regard to execution of a sentence.  See Queen v. Miner, 530 F. 3d 253 (3d Cir. 2008); accord Valona v. United States, 138 F. 3d 693, 695 (7th Cir. 1998).  Moreover,

6

since the "abuse of the writ" doctrine addressed in McCleskey v. Zant, 499 U.S. 467, 494-495 (1991), governs sequential § 2241 filings, see Zayas v. Immigration & Naturalization Service, 311 F. 3d 247, 256-58 (3d Cir. 2002), "a [§ 2241] petitioner may not raise new claims that could have been resolved in a previous [§ 2241] action." Queen, 530 F. 3d at 255.[3]

In this case, the instant § 2241 Petition presents claims that were twice dismissed on the merits by this Court and recently affirmed by the Third Circuit. Since courts of the United States have determined that Petitioner's detention is legal in prior § 2241 proceedings, § 2244(a) bars this Court from entertaining Petitioner's challenge under § 2241. This Court does not discern any new claims raised in the instant Petition, but to the extent that the instant Petition raises new claims, those claims are barred by the abuse of the writ doctrine because Petitioner could have raised them in the prior petitions and Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice would result from a failure to relitigate these claims. See Boardley v. Grondolsky, 2009 WL 2757176 at *2 (3d Cir. Sept. 1, 2009); Zeyas, 311 F. 3d at 257-

---

[3] Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 338 (1992).

258; <u>United States v. Roberson</u>, 194 F. 3d 408, 410 (3d Cir. 1999).  Under these circumstances, the Court will dismiss the instant § 2241 Petition as barred by § 2244(a) and the abuse of the writ doctrine.

    This Court, however, cannot rule out the possibility that Petitioner might be able to establish cause and prejudice or that a fundamental miscarriage of justice would result from a failure to relitigate these claims, and that Petitioner might wish to establish same.  This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth a basis for a showing of cause and prejudice or that a fundamental miscarriage of justice would result from a failure to relitigate Petitioner's challenge.  This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

### III.  CONCLUSION

    Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus.


                                             /s/ NOEL L. HILLMAN
                                         **NOEL L. HILLMAN, U.S.D.J.**

Dated: September 4, 2009

At Camden, New Jersey