<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

```
_____
                               :
JERRA MCCREA LYLES,            :        Civil No. 09-3764 (NLH)
                               :
            Petitioner,        :
                               :
       v.                      :        **O P I N I O N**
                               :
D. ZICKEFOOSE, etc., et al.,   :
                               :
            Respondents.       :
_____:
```

**APPEARANCES:**

> DOUGLAS GRANNAN, ESQ.
> GREG PORMUSHKIN, P.C.
> 9637 Bustleton Ave.
> Philadelphia, PA  19115
> Attorneys for Petitioner
>
> JORDAN MILOWE ANGER, ASSISTANT U.S. ATTORNEY
> PAUL J. FISHMAN, UNITED STATES ATTORNEY
> 970 Broad Street, Suite 700
> Newark, NJ  07102
> Attorneys for Respondents

**HILLMAN**, District Judge

Jerra McCrea Lyles ("Petitioner"), a prisoner incarcerated at FCI Fort Dix, filed an Amended Petition for a Writ of Habeas Corpus (Docket Entry #15), pursuant to 28 U.S.C. § 2241, against the Warden of FCI Fort Dix and the Administrator of the Central Office of the Bureau of Prisons ("BOP").  Petitioner challenges a final decision of the BOP dated February 3, 2009 (Docket Entry #15-1).  Respondents filed an Answer arguing that the Amended Petition should be dismissed on the merits, together with the declarations of Tara Moran and Patricia Kitka, and several

exhibits.  Petitioner filed:  (1) a motion (Docket Entry 21),
which Respondents do not oppose, to amend the caption to reflect
that Donna Zickefoose is respondent, Warden of FCI Fort Dix, and
(2) a motion (Docket Entry Nos. 20, 21-1) to strike the Answer
with prejudice and enter judgment in favor of Petitioner.
Respondents filed a Response opposing Petitioner's motion to
strike, and Petitioner filed a Reply to Respondents' opposition.
For the following reasons, this Court will grant Petitioner's
motion to amend the caption, deny Petitioner's motion to strike
the Answer and to enter judgment for Petitioner, and dismiss the
Petition with prejudice because Petitioner has not shown that his
custody violates the Constitution, laws or treaties of the United
States, see 28 U.S.C. § 2241.

## I.  BACKGROUND

This Court will take judicial notice of the docket in this
and prior federal proceedings regarding Petitioner, see McTernan
v. City of York, 577 F. 3d 521, 526 (3d Cir. 2009), and will not
reiterate the lengthy factual background which begins with
Petitioner's 1976 federal conviction.  On November 5, 1993,
Petitioner was mandatorily released from custody of the BOP on an
aggregate 30-year federal prison term imposed on his 1976
conviction in the United States District Court for the District
of Maryland on a multi-count indictment, see United States v.
Lyles, Crim. No. 76-0083 judgment (D. Md. July 23, 1976) (Docket

Entry #19-4, p. 2).  See also Lyles v. Samuels, C.A. No. 07-1609
slip op. (3d Cir. Dec. 7, 2007); (Docket Entry Nos. 15, p. 4 &
19-4, p. 11. ).[1]  Petitioner began service of the 40-year special
parole term on March 3, 1998, when the Parole Commission issued a
certificate of early termination discharging him from parole to
begin service of the 40-year special parole term.  (Docket Entry
Nos. 15, p. 4 & 19-4, p. 14); see also Lyles, C.A. 07-1609 slip
op. at 2 (3d Cir. Dec. 7, 2007).

In August 2000, based on Petitioner's guilty plea to a new
federal crime (unlawful use of a communication facility, in
violation of 21 U.S.C. § 843(b)), the United States District
Court for the Southern District of California sentenced
Petitioner to a 30-month term of imprisonment, and Petitioner
voluntarily surrendered on October 30, 2000.  (Docket Entry Nos.
15, p. 5 & 19-4, p. 18.)

On April 12, 2001, the United States District Court for the
District of Maryland rejected Petitioner's claim on the merits
(presented in a motion to reconsider the January 31, 2001, order
dismissing Petitioner's § 2255 motion as successive) that he is

---

[1] The 1976 judgment imposed an aggregate 30-year term of
imprisonment and a special parole term of 80 years.  (Docket
Entry #19-4 at 2.)  In 1978, pursuant to 28 U.S.C. § 2255, the
sentencing court vacated the sentence imposed as to Count One of
the indictment, and in 1980, the sentencing court vacated the 40-
year special parole term imposed on the conviction for Count One
(Docket Entry #19-4, pp. 4, 6), resulting in a final aggregate
term of 30 years (non-parolable) in prison and a 40-year special
parole term.

serving an illegal sentence because his sentence of imprisonment has been served in its totality.  See Lyles v. United States, Civ. No. 01-0224 slip op. (D. Md. Apr. 12, 2001).

There is no dispute that on May 21, 2002, when Petitioner was released on the 30-month Southern District of California sentence, he was taken into custody pursuant to execution of a parole violator warrant issued on April 12, 2001, by the Parole Commission.  See U. S. Parole Commission Warrant dated Apr. 12, 2001 (Docket Entry #19-4, p. 26); Sentence Monitoring Computation Data as of Mar. 10, 2010 (Docket Entry #19-4, p. 40.)  On August 19, 2002, the Parole Commission revoked Petitioner's Special Parole, determined that none of the time spent on Special Parole shall be credited to the 40-year special parole term, and set a presumptive parole date of January 8, 2011, after service of a 130-month term of imprisonment.  (Docket Entry Nos. 15, p. 5 & 19-4, p. 35.)  Petitioner administratively appealed the revocation decision, and on October 17, 2002, the National Appeals Board affirmed.  (Docket Entry #15, p. 5.)

Between March 18, 2002, and May 8, 2006, Petitioner filed three § 2241 petitions in this Court.  (Docket Entry #3, pp. 3-4.)  Most recently, on December 7, 2007, the Third Circuit affirmed Judge Kugler's Order denying habeas relief and determined that Petitioner's current 40-year sentence is authorized by 21 U.S.C. § 841(c) (repealed):

4

> Lyles's current imprisonment based on the
> revocation of his 40-year special parole term
> is an imprisonment contemplated by 21 U.S.C.
> § 841(c) (repealed), in addition to his
> statutory 15-year term under § 841(b)(1)(A),
> and does not violate due process or exceed
> any statutory maximum sentence . . . .
>
> Further, Lyles's contention that his special
> parole term "would [have] to be commenced"
> before his federal 15-year term expired is
> without merit.  The United States Parole
> Commission appropriately aggregated Lyles's
> multiple sentences into a single 30-year
> sentence, and ordered that Lyles's special
> parole term would begin to run after he was
> discharged from mandatory release supervision
> following his release from the aggregate 30-
> year prison term . . . .

Lyles v. Samuels, C.A. No. 07-1609 slip op. at pp. 2-3 (3d Cir.

Dec. 7, 2007).

Petitioner asserts that on February 18, 2008, BOP officials

prepared a Sentence Monitoring Computation Data sheet indicating

that a new 40-year sentence had commenced on May 21, 2002.  See

Am. Pet. (Docket Entry #15, p. 6).  On August 3, 2008, Petitioner

filed a request for administrative remedy, requesting "the

specific federal charge statute which a new 40-year Sentence is

imposed as indicated on the sentence monitoring computation data

. . . dated 7/17/2008."  (Docket Entry #19-2. p. 28.)  On

September 11, 2008, the then warden granted Petitioner's

administrative remedy and clarified that Petitioner is serving a

term of 40 years as a result of the revocation of his special

parole term imposed on July 23, 1976.  (Docket Entry #19-2, p.

30.)  Petitioner appealed to the Regional Director on the grounds
that, although the sentencing court vacated the judgment on Count
One in 1991 and ordered on January 4, 2002, that the sentence had
commenced on July 23, 1976, the BOP failed to delete reference to
Count One from the Sentence Monitoring Computation data sheet
until December 26, 2007.  (Docket Entry #19-2, pp. 32-33.)  On
October 22, 2008, D. Scott Dodrill, Regional Director, denied the
appeal as follows:

> A review of our records revealed that you
> were sentenced on July 23, 1976, by the U.S.
> District Court for the District of Maryland .
> . . .  On March 17, 1978, the court vacated
> Count 1 with the proviso it would be
> reinstated if Count 30 were overturned.  On
> December 12, 1980, the court vacated the
> special parole term on Count 1.  Your
> aggregate federal sentence had been computed
> to be 30 years with a 40 year special parole
> term to follow.  On November 5, 1993, you
> were mandatorily released from your 30 years
> term and you were under supervision as if on
> parole.  On March 3, 1998, the U.S. Parole
> Commission ordered an early discharge from
> your mandatory release supervision, which
> enabled you to begin the 40 year special
> parole term.
>
> On April 12, 2001, the Parole Commission
> issued a special parole term violator
> warrant.  The warrant was executed on May 21,
> 2002, the day you completed a 30-month
> sentence imposed on August 18, 2000, by the
> U.S. District Court for the Southern District
> of California, for Unlawful Use of a
> Communication Facility.  After a revocation
> hearing the Parole Commission issued a Notice
> of Action dated August 19, 2002, which
> revoked special parole, ordered none of the
> time spent on parole be credited, and
> continue[d] for a presumptive parole after

6

> service of 110 [sic] months (January 8,
> 2011).  Since you received credit for no time
> under special parole supervision, your
> current special parole violation term is
> correctly computed to be 40 years.  Your
> sentence computation is calculated correctly.
> Accordingly, your appeal is denied.

(Docket Entry 19-2, pp. 34-35.)

Petitioner filed a timely appeal to the BOP's Central

Office, contending that the BOP disregarded 21 U.S.C. § 841(c),

28 C.F.R. 523(2)(B), and Program Statement 5880, page 54, and

asking "the BOP to show upon what specific federal statute I am

being held, and the calculation from such statute."  (Docket

Entry #19-2, p. 37.)  On February 3, 2009, Harrell Watts denied

the appeal as follows:

> This is in response to your Central Office
> Administrative Remedy Appeal in which you
> contend you have served all of your sentences
> to expiration and the Bureau of Prisons is
> holding you without proper statutory
> authority . . . .
>
> On July 23, 1976, you were sentenced by the
> United States District Court, District of
> Maryland . . . .  Counts 1 and 2 were imposed
> to run consecutively with all other counts
> running concurrently, making a total term of
> 30 years imprisonment with 80 years special
> parole.  On March 17, 1978, the court vacated
> Count 1 with the stipulation it would be
> reinstated if the sentence and conviction on
> Count 30 was ever overturned.
>
> On December 12, 1980, the court . . .
> vacat[ed] the special parole term on Count 1.
> Your sentence was computed as an aggregate
> term of 30 years imprisonment with a 40 year
> special parole term to follow.  You were
> mandatorily released from your 30 year term

7

of imprisonment on November 5, 1993, and
placed on supervision as if on parole.  The
United States Parole Commission issued a
Certificate of Early Termination on March 3,
1998, discharging your mandatory release
supervision to begin your 40 year special
parole supervision.

On November 4, 1999, in the Southern District
of California, you were arrested and charged
with Conspiracy to Possess Cocaine with
Intent to Distribute.  You were subsequently
charged and sentenced to 30 months for
Unlawful Use of a Communication Facility.  As
a result of this new criminal conduct and
conviction, the Parole Commission issued a
special parole term violator warrant on April
12, 2001.  The warrant was executed on May
21, 2002, upon complection of the 30 month
sentence imposed on August 18, 2000.

The Parole Commission issued a Notice of
Action dated August 19, 2002, which revoked
your special parole, ordered none of the time
spent on special parole shall be credited,
and continued you to a presumptive parole of
January 8, 2011, after the service of 130
months.  Because the Parole Commission did
not credit you with any of the time you spent
on special parole supervision, your special
parole violation term is 40 years and has
been computed correctly.

(Docket Entry #19-2, pp. 38-39.)

Petitioner filed the original § 2241 Petition in the instant

action on July 28, 2009.  He filed the Amended Petition on

December 17, 2009.  (Docket Entry #15.)  This Court ordered and

answer, which Respondents filed on April 13, 2010.  (Docket Entry

#19.)

## II.  DISCUSSION

### A.  Motion to Amend Caption

Petitioner filed a motion (Docket Entry #21), which
Respondents do not oppose, to amend the caption to replace J.
Grondolsky with D. Zickefoose as warden of FCI Fort Dix.  This
Court will grant the motion.

### B.  Motion to Strike Answer and Enter Judgment for Petitioner

Petitioner filed "PLAINTIFF'S REPLY TO RESPONDENT'S ANSWER
TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH RULE 12f
MOTION TO STRIKE, WITH PREJUDICE, AND RULE 12c MOTION FOR
JUDGMENT ON THE PLEADINGS."  (Docket Entry Nos. 20, 21-1.)
Petitioner argues that this Court should strike the Answer
because it "contains no statement as to the statutory authority
for the Petitioner's detention, notwithstanding the fact that the
Respondents were specifically directed to provide that
information within the corpus of its answer," the Answer "wholly
fails to respond to the allegations and grounds asserted by the
Petitioner," and, "[i]nasmuch as this court specifically directed
the Respondents not to file a motion to dismiss, yet it did so
anyway, any information contained in that document, filed in
complete disregard to the court's directive, is wholly non-
responsive . . ."  (Docket Entry #21-1, p. 3.)

Respondents filed a response arguing that the motion to
strike should be denied and the Court should dismiss the Amended

9

Petition on the merits.  Specifically, Respondents assert:  "In ordering that the respondent not move to dismiss the petition, it has always been understood that the Court's intention was not to have the respondent file a motion to dismiss in lieu of an answer.  Instead, the Court sought a full response to the petition and not, for example, a motion based solely on a secondary issue (e.g., failure to exhaust), which wold not address all of the issues raised in the petition."  (Docket Entry #22, pp. 4-5.)

In his reply to Respondents' response, Petitioner contends: "Inasmuch as Respondents' filing is wholly inadequate to justify Respondents' blatant disregard of the directive of the court not to file a motion to dismiss, but did so anyway, Respondents have failed to mount an adequate challenge to the Petitioner's pending motions.  Accordingly, Petitioner's motion to strike and motion for judgment on the pleadings should be GRANTED."  (Docket Entry #23.)

This Court rejects Petitioner's contention that the Answer violates this Court's Order entered March 1, 2010, because it contains no statement as to the statutory authority for Petitioner's detention.  The Answer (Docket Entry #19, p. 16) expressly states that Petitioner's detention is authorized by 21 U.S.C. § 841(c) (repealed), which provides:

> A special parole term . . . may be revoked if
> its terms and conditions are violated.  In

> such circumstances the original term of
> imprisonment shall be increased by the period
> of the special parole term and the resulting
> new term of imprisonment shall not be
> diminished by the time which was spent on
> special parole.  A person whose special
> parole term has been revoked may be required
> to serve all or part of the remainder of the
> new term of imprisonment.  A special parole
> term provided for in this section shall be in
> addition to, and not in lieu of, any other
> parole provided for by law.

21 U.S.C. § 841(c) (repealed pursuant to the Comprehensive Crime
Control Act of 1984, but remains applicable to criminal offenses
committed before Nov. 1, 1987).  See Pub. L. No. 98-473, tit. II.
§224(a)(2),formerly § 224(a)(6), 98 Stat. 1987, 2030 (1984), as
renumbered by Pub. L. No. 99-570, tit. I, § 1005(a)(2), 100 Stat.
3207, 3207-6 (1986); Fowler v. U.S. Parole Com'n, 94 F. 3d 835,
837 & n.1 (3d Cir. 1996).

Indeed, the Third Circuit held on December 7, 2007, that the
40-year term of incarceration which Petitioner began serving in
2002 (when the Parole Commission revoked special parole) is
authorized by 21 U.S.C. § 841(c) (repealed).  See Lyles, C.A. No.
07-1609 slip op. at p. 2-3 (3d Cir. Dec. 7, 2007) ("Lyles's
current imprisonment based on the revocation of his 40-year
special parole term is an imprisonment contemplated by 21 U.S.C.
§ 841(c)(repealed), in addition to his statutory 15-year term
under § 841(b)(1)(A), and does not violate due process or exceed
any statutory maximum sentence") (footnote and citations
omitted).

This Court also rejects Petitioner's argument that Respondents disregarded this Court's Order entered March 1, 2010, by labeling the responsive pleading "RESPONDENTS' ANSWER AND MOTION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS" and captioning the legal argument for dismissal "Motion to Dismiss." (Docket Entry #19, p. 1.)  Docket Entry #19 complies with the Order because it includes a full and complete answer to the facts and claims raised in the Amended Petition.  The fact that Respondents' Answer included the words "motion to dismiss" is immaterial where Respondents filed an answer raising all grounds for dismissal and responding in full to the Amended Petition. This Court will accordingly deny Petitioner's "RULE 12f MOTION TO STRIKE, WITH PREJUDICE, AND RULE 12c MOTION FOR JUDGMENT ON THE PLEADINGS." (Docket Entry Nos. 20, 21-1.)

C.  The Merits

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook,

490 U.S. 488, 490 (1989).[2]  This Court has subject matter jurisdiction under § 2241 over the instant Amended Petition because Petitioner challenges the legality of his incarceration on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

In the Amended Petition, Petitioner claims that his custody violates the Constitution, laws or treaties of the United States in the following ways:  the BOP "failed to provide Petitioner with adequate and accurate information regarding its manner of computing the authorized length of his ongoing detention, in adjudicating his administrative appeal dated, February 3, 2009, in violation of Petitioner's right to due process of law;" "failed to provide Petitioner with information regarding the legal, regulatory and/or policy authorities upon which it relied, in adjudicating his administrative appeal dated, February 3, 2009, in computing the remaining period of Petitioner's incarceration, in violation of Petitioner's right to due process of law;" "relied upon improper legal authority in its computation of the remaining length of Petitioner's authorized detention in adjudicating his administrative appeal dated, February 3, 2009,

---

[2] The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

in violation of Petitioner's right to due process of law;"
"failed to comply with 28 CFR section 542.18 regarding its
adjudication of Petitioner's appeals;" "failed to comply with the
provisions of 28 CFR section 523.2(b) regarding the Petitioner's
eligibility for good time;" "failed to comply with applicable
case law;" "erred in the calculation of credits/good time to
which the Petitioner is eligible or modify its sentence
computation sheets and other relevant documents in a timely
manner and upon notice from the Petitioner of the errors
contained in the computation sheets while adjudicating
Petitioner's administrative appeal dated, February 3, 2009, in
violation of Petitioner's right to due process of law;" "erred in
the adjudication of the Petitioner's administrative appeal dated,
February 3, 2009, in that Respondents were not responsive to the
legal/factual challenges presented in the Petitioner's appeals,
in violation of Petitioner's right to due process of law in the
appeal process;" "erred in the adjudication of the Petitioner's
administrative appeal dated, February 3, 2009, in that
Respondents relied upon incorrect data as contained in the
sentence computation sheets prepared in connection with the
Petitioner's detention and the Respondents failed to correct the
incorrect information even after being informed by the Petitioner
that the information was incorrect, in violation of his right to
due process of law."  (Docket Entry #15, pp. 12-14.)

(1) Due Process in Administrative Adjudication

Petitioner argues that the adjudication of his administrative remedy request and appeals violates his Fifth Amendment right to due process of law because the final decision failed to provide accurate information, relied on incorrect data, failed to cite legal authority and case law, failed to adequately respond to the legal and factual arguments raised by Petitioner, and failed to correct the sentence monitoring data in a timely fashion.

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  The Due Process Clause applies when government action deprives a person of liberty or property. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "Decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection." Greenholtz, 442 U.S. at 7.  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S.

236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980).

    Petitioner's due process claims fail because "[p]risoners do not have a constitutional right to prison grievance procedures." Heleva v. Kramer, 214 Fed. App'x. 244, 247 (3d Cir. 2007) (citing Massey v. Helman, 259 F. 3d 641, 647 (7th Cir. 2001)).[3] To the extent that Plaintiff contends the Administrative Remedy Program creates an independent liberty interest, his claim fails as a matter of law because one can have no liberty interest in a procedure. See Olim v. Wakinekona, 461 U.S. 238, 250-251 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. . . . The [government] may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice [it] does not create an independent substantive right"); see also Hewitt v. Helms, 459 U.S. 460, 469 (1983) ("we have never held that statutes and regulations

---

    [3] See also Pressley v. Johnson, 268 Fed. App'x. 181, 184 (3d Cir. 2008) ("Pressley also complained about the investigation and processing of his inmate grievances. Because there is no due process right to a prison grievance procedure, Pressley's allegations did not give rise to a Fourteenth Amendment violation"); Stringer v. Bureau of Prisons, 145 Fed. App'x. 751, 753 (3d Cir. 2005) ("We agree with the District Court that [Bureau of Prisons'] alleged failure to process or respond to Stringer's grievances did not violate his rights to due process and is not actionable").

governing daily operation of a prison system conferred any liberty interest in and of themselves").

Because inmate administrative remedy procedures do not give rise to a liberty interest protected by the Due Process Clause, Petitioner has not shown that his custody violates due process and he is not entitled to habeas relief on due process grounds. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F. 2d 494, 495 (8th Cir. 1993) (per curiam); Mann v. Adams, 855 F. 2d 639 (9th Cir.) (per curiam), cert. denied, 488 U.S. 898 (1988).

(2) Violation of 28 C.F.R. §§ 523.2(b) and 542.18

Petitioner claims that the BOP "failed to comply with 28 CFR section 542.18 regarding its adjudication of Petitioner's appeals" and "failed to comply with the provisions of 28 CFR section 523.2(b) regarding the Petitioner's eligibility for good time." (Docket Entry #15, p. 13.)

Section 523.2(b), entitled "Good time credit for violators," provides:

> (b) An inmate whose special parole term is revoked can earn statutory good time based on the number of days remaining to be served on the special parole violator term. The rate of statutory good time for the violator term is computed at the rate of the initial special parole term plus the total sentence that was served prior to the special parole term and to which the special parole term was attached.

28 C.F.R. § 523.2(b).

The Amended Petition does not specify what the BOP did or failed to do that violates § 523.2(b) and it is clear that the BOP's calculation of Petitioner's 40-year sentence contemplates good conduct time credits of 4,800 days.  (Docket Entry #19-4, p. 40.)  Thus, Petitioner has not shown any violation of 28 C.F.R. § 523.2(b).

Petitioner further asserts, without elaboration, that the BOP violated 28 C.F.R. § 542.18, governing response time in the Administrative Remedy Program.  This section provides:

> If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CCM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing. If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

28 C.F.R. § 542.18.

Petitioner has not shown what the BOP did or failed to do which allegedly violates § 542.18. Moreover, even if the BOP's response time exceeded the limits set forth in § 542.18, such violation does not establish that he is in custody in violation of federal law. Accordingly, habeas relief is not warranted on this ground.

(3) Statutory Authority for Incarceration

Petitioner challenges his detention on the ground that the BOP lacks statutory authority to incarcerate him. The BOP correctly found (Docket Entry #15-1) that Petitioner has been detained since May 21, 2002, pursuant to 21 U.S.C. § 841(c) (repealed), in service of a 40-year term of imprisonment which resulted from the revocation of his 40-year special parole term by the Parole Commission on August 19, 2002. See Lyles, C.A. No. 07-1609 slip op. (3d Cir. Dec. 7, 2007) (affirming dismissal of Petitioner's prior § 2241 petition challenging his detention as not statutorily authorized).

(4) Calculation of Petitioner's Release Date

According to the BOP's calculation of Petitioner's sentence, Petitioner has been incarcerated pursuant to the parole violator warrant, the Parole Commission's decision revoking the 40-year special parole term, and 21 U.S.C. § 841(c) (repealed), from May 21, 2002, to the present. The BOP calculates his 40-year term as beginning May 21, 2002, the date on which he was released from

19

the 30-month sentence and the parole violator warrant was executed.  <u>See</u> Sentence Monitoring Computation Data as of Mar. 10, 2010 (Docket Entry #19-4, p. 40); Declaration of Patricia Kitka (Docket Entry #19-3, p. 5).  Contingent upon confirmation by the Parole Commission, the BOP's calculation indicates that Petitioner's presumptive parole date is January 8, 2011.  <u>Id.</u> The BOP determined that Petitioner is eligible to receive a maximum of 4,800 days of statutory good conduct time credit and, if he in receives same (based on good conduct), his statutory release date on the 40-year sentence is projected to be March 29, 2029, which the BOP calculated by adding 40 years to the date the sentence commenced on May 21, 2002 (May 21, 2042), and subtracting 4,800 days of good conduct time.  <u>Id.</u>

Petitioner does not specify which of the aforesaid dates or calculations is wrong.  Moreover, this Court finds that the BOP's calculations are correct.  Because Petitioner has not shown that the BOP's calculation of his release date violates the Constitution, laws, or treaties of the United States, he is not entitled to habeas relief on this ground.

### III.   CONCLUSION

Based on the foregoing, the Court grants the motion to amend the caption, denies the motion to strike the Answer, and dismisses the Petition for a Writ of Habeas Corpus with prejudice.

/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN, U.S.D.J.**

Dated:   December 15 , 2010

At Camden, New Jersey

21